UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MANJINDER S.[1],

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-01892-TLN-SCR

A# 068-100-038

**RELEASE ORDER**

This matter is before the Court on Petitioner Manjinder S.'s ("Petitioner") Motion to Enforce Judgment (ECF No. 25). For the reasons set forth below, the Court GRANTS Petitioner's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court incorporates in full the factual background as set forth in its July 10, 2026 Order granting Petitioner's Petition for Writ of Habeas Corpus and Motion to Enforce Temporary Restraining Order. (ECF No. 22.)

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

In that Order, the Court directed Respondents to:

> provide a constitutionally compliant bond hearing within seven (7) days of this Order where Respondents bear the burden of demonstrating by clear and convincing evidence before a neutral decisionmaker that Petitioner poses a danger to the community or a flight risk. The decisionmaker must consider Petitioner's financial circumstances for bond and alternative conditions of release. *Hernandez*, 872 F.3d at 991. At the hearing, Petitioner shall be allowed to have counsel present, and counsel shall be allowed to present evidence, testimony, and argument in accordance with due process. If Petitioner is not found to be a danger to society or flight risk, Respondents must immediately release Petitioner. Respondents may impose any restrictions or conditions determined to be necessary by the neutral decisionmaker at the hearing.

(ECF No. 22 at 11.)

This hearing took place in immigration court on July 16, 2026, and the immigration judge ("IJ") denied bond. (ECF No. 24 at 3.) Petitioner filed the instant Motion to Enforce Judgment on July 27, 2026, arguing the bond hearing did not comply with the Court's Order. (ECF No. 25.) Respondents filed an opposition. (ECF No. 32.)

## II. STANDARD OF LAW

Federal courts have inherent authority to enforce their own orders, including those granting injunctive relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). A motion to enforce judgment is the "usual method" for requesting a court interpret its own judgment and compel compliance. *California by & through Becerra v. Dep't of the Interior*, No. C 17-5948 SBA, 2020 WL 13093994, at *3 (N.D. Cal. July 30, 2020) (citing *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)).

If Petitioner has received all relief required by the court's prior judgment, the motion to enforce should be denied. *Heartland Hosp.*, 328 F. Supp. 2d at 11. But if Petitioner demonstrates that Respondents "ha[ve] not complied with a judgment entered against [them], even if the noncompliance was due to misinterpretation of the judgment," the motion shall be granted. *Id.* To prevail on a motion to enforce an injunction, "[t]he moving party has the burden of showing by clear and convincing evidence that the enjoined party violated a 'specific and definite order of the court.'" *Kia Am., Inc. v. Rally Auto Grp., Inc.*, No. 8:22-CV-00109-JVS-

JDE, 2022 WL 17185011, at *2 (C.D. Cal. Oct. 20, 2022) (quoting *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999)).

As constitutional challenges to IJ detention determinations present mixed questions of fact and law, the appropriate standard of review is "abuse of discretion." *Martinez v. Clark*, 124 F.4th 775, 783–84 (9th Cir. 2024). However, "due process claims and questions of law raised in immigration proceedings" are reviewed de novo. *See Singh v. Holder*, 638 F.3d 1196, 1202–03 (9th Cir. 2011). Under an abuse of discretion standard, the court does not reweigh evidence but instead considers whether the IJ "applied the correct legal standard." *Id.* (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence. Instead, its review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-CV-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020)).

## III. Analysis

Petitioner argues that the bond hearing was constitutionally deficient because the IJ failed to consider whether continued detention is justified and did not consider evidence regarding Petitioner's mental illness. (ECF No. 25 at 3–10.) Respondents argue that, "Petitioner couches his complaints as constitutional violations, but at bottom, his motion to enforce rests on a disagreement with the IJ's weighing of the evidence and his manner of conducting the hearing," and the IJ did not abuse his discretion. (ECF No. 32 at 3.)[2]

[2] Respondents also argue that Petitioner should be required to exhaust his administrative remedies before pursuing a motion to enforce judgment. (ECF No. 32 at 4.) While Petitioner's counsel reserved appeal at the end of the hearing, it is not clear if any appeal has been perfected. The Court nevertheless finds after consideration of the factors articulated in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007), that prudential exhaustion is not required. First, an administrative appellate record is not necessary to reach a proper decision on Petitioner's claims, as the Court is in possession of a recording of the bond hearing. Second, any risk of deliberate bypass of administrative procedures is reduced by the fact that district courts will only have jurisdiction in the "rare case[s]" where future petitioners allege a "colorable" constitutional or legal challenge to the government's procedures. *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (citing *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 1991)). Finally, it is unlikely the agency

The Court finds that the hearing was deficient because: 1) the IJ failed to properly consider or allow the presentation of mitigating evidence, and 2) the IJ erroneously based his finding of dangerousness solely on the fact of Petitioner's criminal convictions and did not articulate the basis for a finding of risk of flight.

A. July 16, 2026 Bond Hearing and Order

At the beginning of the bond hearing, Petitioner's counsel requested a "short adjournment" in order to obtain additional evidence. (ECF No. 31.)[3] Later, she renewed this request because Petitioner "has mental health issues." The IJ denied both requests because (1) Petitioner had originally sought, and this Court had granted, a bond hearing in March 2026, and therefore he had adequate time to prepare evidence, and (2) no evidence concerning Petitioner's mental health was before the immigration court. (*Id.*)

Counsel for the Department of Homeland Security argued that Petitioner was a flight risk and danger because of his convictions for assault with a deadly weapon and his ineligibility for immigration relief based on the same. (*Id.*)

Petitioner's counsel was not permitted to present argument, evidence, or testimony other than briefly mentioning Petitioner's ties to the community and contesting the length of Petitioner's prison sentence before the IJ ruled.[4] (*Id.*) When Petitioner's counsel attempted to discuss these mitigating factors, the IJ cut her off, stating that, regardless of the length of the sentence, Petitioner had been convicted of an aggravated felony and was not eligible for

will correct its own mistake upon further review. *See, e.g.*, *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1079 (W.D. Wash. 2026) ("Where the issue is whether procedural due process was violated, the Court finds no reason to delay review in favor of allowing the BIA to possibly correct an error.") Additionally, because of the significant liberty interest at stake in this case, irreparable injury would result from requiring exhaustion. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

[3] Petitioner and Respondents both lodged audio recordings of the bond hearing with the Court. (ECF Nos. 26, 31.) The Court has reviewed both recordings and determined that they are identical.

[4] Petitioner's counsel incorrectly stated that Petitioner had been sentenced to a one-year term. (ECF No. 31.) The abstract of judgment in that case, however, states that Petitioner was sentenced to a two-year term on one count and a one-year term on the second count of assault with a deadly weapon, to be served consecutively. (ECF No. 13 at 30.)

cancellation of removal. (*Id.*)

The IJ then ruled as follows, with no further opportunity for Petitioner's counsel to present evidence or testimony:

> The Court finds that [Petitioner] is ineligible for bond. The Court finds that [DHS] has met its burden by clear and convincing evidence in this case, actually, that [Petitioner] is a danger to the community. According to the conviction documents, [Petitioner] has been sentenced to a 3-year aggregate total term in state prison. [Petitioner] is not eligible for 42a based on an aggravated felony conviction. Therefore, [Petitioner]'s relief from removal is speculative, if not barred for cancellation of removal, 42a. The Court will note that the Court is conducting this hearing pursuant to a district court order, and the Court will note that [Petitioner] has previously had a bond hearing with respect to the same issue, and the Court previously entered an order. Therefore, the Court finds that [Petitioner] has been on notice as to the custody issue in his case, now [Petitioner] is contesting the documents for this case [sic]. The court will note that they were admitted without objection, therefore the court has considered the documentation that the department has submitted for custody determination. The Court is again denying [Petitioner]'s request for bond. The Court finds that [Petitioner] is a danger to the community and a flight risk.

(*Id.*)

The IJ's written ruling states that bond was denied because:

> The Government has met its burden by clear and convincing evidence that [Petitioner] is a danger to the community and flight risk. On February 10, 2025, [Petitioner] was sentenced to 3 years state prison for PC 245(a)(1) Assault with Deadly Weapon and PC 368(b)(1) Elder or Dependent Adult Abuse. Due to [Petitioner]'s criminal convictions the Court found [Petitioner] to be an aggravated felony. Based on the convictions the Court found [Petitioner] to be a danger to the community.
>
> [Petitioner] has filed a 42a Application for Cancellation of Removal for Certain Permanent Residents. Due to the aggravated felony conviction [Petitioner]] is not eligible for such relief INA Section 240A(a).

(ECF No. 24 at 3.)

B. <u>IJ's Failure to Consider Mitigating Evidence</u>

"To determine whether a[ noncitizen] is a danger to the community or a risk of flight, an IJ weighs nine factors under BIA precedent." *Martinez*, 124 F.4th at 784 (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). The non-exhaustive factors include: fixed address in the United States; length of residence; family ties and their connection to available immigration relief;

employment history; record of appearance in court; criminal record "including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses"; history of immigration violations; attempts to flee; and manner of entry to the United States. *Id.*

Immigration judges must consider mitigating evidence of danger. *See Y.S.G. v. Andrews*, No. 2:25-CV-1884-SCR, 2025 WL 2979309, at *10 (E.D. Cal. Oct. 22, 2025) ("Meaningful evaluation of mitigation evidence relevant to danger is necessary to ensure that the high burden of the clear and convincing standard is demonstrated in fact, not in theory.") (citing *Obregon v. Sessions*, No. 17-CV-01463, 2017 WL 1407889, at *7 (N.D. Cal. Apr. 20, 2017)); *Singh v. LaRose*, No. 26-CV-1425, 2026 WL 1387428, at *6 (S.D. Cal. May 18, 2026) (finding abuse of discretion due to IJ's failure to consider highly probative evidence).

When Petitioner's counsel began to discuss his community ties, including family in the United States, and the length of his criminal sentence, the IJ interrupted her and said that regardless of these factors Petitioner would not be eligible for cancellation of removal. (ECF No. 31.) To begin with, this is not a proper basis for refusing to consider those facts, as they are plainly relevant to the *Guerra* inquiry. In addition, the IJ's refusal to allow Petitioner's counsel to present evidence and argument before interrupting her and ruling Petitioner ineligible for bond was an abuse of discretion. *See Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (citing *Grannis v. Ordean*, 234 U.S. 385, 394 (1914) ("A fundamental requirement of due process is 'the opportunity to be heard.'"). Moreover, in doing so, the IJ contravened this Court's explicit directive in its prior Order that: "counsel shall be allowed to present evidence, testimony, and argument in accordance with due process." (ECF No. 22 at 11.)

While counsel briefly mentioned Petitioner's community ties, the IJ's statements on the record make clear that he did not consider them, and they are wholly absent from his written ruling. (ECF No. 24 at 3.)

> When nothing in the record or the [IJ's] decision indicates a failure to consider all the evidence, a 'general statement that [the IJ] considered all the evidence before [it]' may be sufficient. But, where there is any indication that the [immigration court] did not consider all of the evidence before it, a catchall phrase does not suffice, and the decision cannot stand. Such indications include misstating the record and failing to mention highly probative or potentially

dispositive evidence.

*Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011) (citing *Almaghzar v. Gonzales,* 457 F.3d 915, 922 (9th Cir.2006)).

Here, in addition to not mentioning this "highly probative" evidence, the IJ also misstated the record by incorrectly writing in his ruling that Petitioner was sentenced for "Elder or Dependent Adult Abuse." (ECF No. 24 at 3.) While Petitioner was charged with elder abuse (ECF No. 13 at 34) the abstract of judgment in the case reflects that he was convicted of two counts of assault with a deadly weapon (*Id.* at 30).

The IJ also misstated the record and failed to consider highly probative evidence when he responded to Petitioner's counsel's request for an extension due to his mental health issues by stating that there was no such evidence before him. (ECF No. 32.) In fact, Petitioner's habeas counsel, appointed to represent him in these proceedings pursuant to this Court's March 12, 2026 order (ECF No. 7), sent a letter to the immigration court[5] containing over fifty pages of records pertaining to Petitioner's mental illness and efforts to treat it. (*See generally* ECF No. 29. [6]) This evidence was highly relevant to the dangerousness inquiry as it provided extensive documentation of Petitioner's responsiveness to medication and the potential that appropriate treatment could mitigate the risk indicated by his criminal convictions. (*Id.*)

C. <u>IJ's Basis for Finding Dangerousness and Risk of Flight</u>

The IJ's finding of dangerousness appears to rest solely on the fact of Petitioner's conviction. That fact is insufficient to demonstrate by clear and convincing evidence that Petitioner is a danger. Clear and convincing evidence is evidence that leaves "the ultimate factfinder an abiding conviction that the truth of its factual contentions are 'highly probable.'" *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (quoting C. McCormick, Law of Evidence §

[5] These documents were addressed to immigration Judge Susan Phan at the Adelanto Immigration Court, who had been assigned to the case at the time, whereas the proceedings at issue here were before immigration judge Roberto Amaya. (ECF No. 29 at 5; ECF No. 32.) Nevertheless, the Court presumes that they were entered into the record in Petitioner's immigration court case and were properly before Judge Amaya, contrary to his statement on the record that he "[did] not have" any such documents. (ECF No. 32.)

[6] These medical records were sealed by order of the Court on July 28, 2026. (ECF No. 28.)

320, p. 679 (1954)). A criminal conviction alone is insufficient to support a finding of dangerousness. *See Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011) *abrogated on other grounds* (citing *Guerra*, 24 I. & N. Dec. 37). "Rather, the recency and severity of the offenses *must* be considered." *Id.* (emphasis added). There is no indication that the IJ considered the recency or extensiveness of Petitioner's convictions.

Finally, the IJ's "catchall" statement that Petitioner is a flight risk is not a sufficient basis for his finding. *Cole*, 659 F.3d at 771–72. An IJ abuses their discretion when they fail to explain the reasoning for their findings. *See Hernandez Arechiga v. Bowen*, No. 26-CV-1516, 2026 WL 1500398, at *4 (C.D. Cal. May 26, 2026) (finding abuse of discretion where IJ denied bond based on conclusory findings without explanation and collecting cases finding similarly); *see also Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (citing *Yepes–Prado v. INS*, 10 F.3d 1363, 1370 (9th Cir. 1993) ("Immigration judges, although given significant discretion, cannot reach their decisions capriciously and must indicate how they weighed the factors involved and how they arrived at their conclusion.") (cleaned up); *Barnica-Lopez v. Garland*, 59 F.4th 520, 530 (1st Cir. 2023) (citing *Pan v. Gonzales*, 489 F.3d 80, 87 (1st Cir. 2007) (IJs must give "reasoned consideration to the evidence as a whole, [make] supportable findings, and adequately explain[ their] reasoning"). Neither the IJ's written ruling nor oral ruling provided a reasoned explanation for how he weighed the evidence and came to his conclusions.

In sum, at the July 16, 2026, bond hearing the IJ failed to provide a meaningful opportunity for Petitioner to present argument, evidence, and testimony in accordance with due process, did not properly evaluate the *Guerra* factors as required by BIA precedent, misstated the record, and ignored highly probative evidence. The IJ's decision therefore reflects clear legal error. *See Quan*, 2021 WL 308610, at *4. Because this abuse of discretion amounts to a deprivation of Petitioner's right to due process at the bond hearing, and constitutes a direct violation of this Court's Order, the Court GRANTS Petitioner's Motion to Enforce Judgment. (ECF No. 25)

Respondents have now had two opportunities to provide Petitioner with a constitutionally and statutorily compliant bond hearing and have failed to do so. Thus, the Court orders

Petitioner's immediate release. *See Mubanga v. Mullin*, No. 26-CV-02565-JO-AHG, 2026 WL 1945743 at *2 (S.D. Cal. July 6, 2026) ("While this Court has previously ordered bond hearings in prolonged detention cases, it finds that recent developments in the immigration court system have rendered a bond hearing an inadequate remedy in this case. Numerous courts in this circuit—including this one—have ruled that immigration judges in recent months failed to comply with habeas courts' orders to provide noncitizens with constitutionally adequate bond hearings.") (internal footnotes omitted); *Bhim Raj Kc v. Chestnut*, No. 1:26-CV-03159-TLN-SCR, 2026 WL 2099279, at *3 (E.D. Cal. July 21, 2026) ("the Court finds the appropriate remedy for this violation of Petitioner's constitutional rights is not a further bond hearing, but release").

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Petitioner's Motion to Enforce Judgment (ECF No. 25). The Court further ORDERS as follows:

1. Respondents must IMMEDIATELY RELEASE Petitioner Manjinder S. A# 068-100-038 from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. **Respondents must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2. As stated in this Court's July 10, 2026 Order (ECF No. 22 at 11 ¶4), Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. **The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order**.

IT IS SO ORDERED.

Date: August 10, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE